Willie **WATSON**, Jr.,
Petitioner-Appellant,

v.

Frank **BLACKBURN**, Warden
Louisiana State Penitentiary,
Respondent-Appellee.

No. 85–3152.

United States Court of Appeals,
Fifth Circuit.

March 18, 1985.

Jed Stone, Waukegan, Ill., Ralph Whalen, New Orleans, La., for petitioner-appellant.

William J. Guste, Jr. Atty. Gen., Baton Rouge, La., Gregory C. Champagne, Asst. Dist. Atty., Twenty-Ninth Judicial Dist., Hahnville, La., for respondent-appellee.

Before GEE, JOHNSON, and DAVIS Circuit Judges.

PER CURIAM:

Willie Watson, Jr., was convicted in Louisiana of capital murder and sentenced to death. After appealing his conviction and seeking collateral relief in the Louisiana state courts, Watson filed the instant petition in federal district court seeking habeas corpus relief, 28 U.S.C. § 2254, from his execution scheduled for the early morning hours of Tuesday, March 19, 1985. On March 18, 1985, the district court entered judgment denying all relief. There is presently before this Court Watson's motion to proceed in forma pauperis, his application for certificate of probable cause and his application for stay of execution. Concluding that Watson has not made a "substantial showing of the denial of [a] federal right," *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983), we grant the motion for pauper status but deny the application for stay of execution and for certificate of probable cause.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On the evening of April 5, 1981, Willie Watson abducted Kathy Newman, a third-year Tulane University medical student, at gunpoint as she arrived at her apartment building in the Carrollton section of New Orleans. Watson forced Newman to drive to an isolated area in St. Charles Parish where he robbed her of her jewelry and raped and sodomized her. Watson then instructed Newman to dress herself; and as she did so, he shot her in the back of the head, mortally wounding her. Watson later confessed to the murder, stating that he shot Newman because he feared that she could identify him.

On June 5, 1981, Watson was found guilty of first degree murder, La.Rev.Stat. Ann. § 14:30, by a St. Charles Parish jury.

After finding three aggravating circumstances: (1) the offender was engaged in the perpetration or attempted perpetration of aggravated rape; (2) the offender was engaged in the perpetration or attempted perpetration of armed robbery; and (3) the offender had a significant prior history of criminal activity, the jury recommended the death sentence. *See* La.Code Crim.Proc. Ann. art. 905.4. On Watson's direct appeal of his conviction and sentence, the Louisiana Supreme Court affirmed the conviction, but reversed the sentence of death because of an erroneous jury instruction given by the trial court. *State v. Watson*, 423 So.2d 1130 (La.1982). After remand to the trial court for a new sentencing hearing, a jury again recommended the death sentence. In Watson's second appeal of his death sentence, the Louisiana Supreme Court affirmed, rejecting Watson's fourteen assignments of error. *State v. Watson*, 449 So.2d 1321 (La.1984). Certiorari was denied by the Supreme Court. *Watson v. Louisiana*, —— U.S. ——, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). Watson then unsuccessfully sought state habeas corpus relief. Those applications were denied summarily by the state trial court without an evidentiary hearing, and by the Louisiana Supreme Court.

Having exhausted state court remedies, Watson filed the instant petition in federal district court on March 16, 1985, alleging principally that certain jurors were improperly disqualified for cause and that his sentence was determined in accordance with an unconstitutionally vague statute. The district judge carefully considered each of Watson's contentions and rejected them. Watson's petition for writ of habeas corpus was dismissed by the district court, and this appeal followed.

## II.  ANALYSIS

### A.  *Exclusion of Death Qualified Jurors*

█ Watson maintains that the exclusion of jurors from the guilt-innocence phase of his trial denied him his sixth amendment right to trial by a fair cross section of the community. In support of his contention, Watson refers this Court to *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.1985). *Grigsby* is directly contrary to the law of this circuit. *See, e.g., Knighton v. Maggio*, 740 F.2d 1344 (5th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 306, 83 L.Ed.2d 241 (1984); *Smith v. Balkcom*, 660 F.2d 573 (5th Cir.1981), *cert. denied*, 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148 (1982); *Spinkellink v. Wainwright*, 578 F.2d 582 (5th Cir.1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979); *Sonnier v. Maggio*, 720 F.2d 401 (5th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984). *See also Williams v. Maggio*, 679 F.2d 381 (5th Cir.1982) (en banc), *aff'd*, 464 U.S. 46, 104 S.Ct. 311, 78 L.Ed.2d 43 (1983). Moreover, Watson is not entitled to an evidentiary hearing on this claim. *Williams v. Maggio*, 464 U.S. 46, 104 S.Ct. 311, 78 L.Ed.2d 43 (1983). For the reasons stated in these opinions, Watson's claim of error must fail.

### B.  *La.Code Crim.Proc.Ann. art. 905.4*

█ Watson also contends that he was sentenced pursuant to an unconstitutional statute in that La.Code Crim.Proc.Ann. art. 905.4(c) is void for vagueness. Under Louisiana law, the death penalty may not be imposed unless an aggravating circumstance is found to exist beyond a reasonable doubt. La.Code Crim.Proc.Ann. art. 905.3. Among the three aggravating circumstances found by the jury in reaching its decision to recommend imposition of the death sentence in the instant case was the fact that Watson had "a significant prior history of criminal activity." *See* La.Code Crim.Proc.Ann. art. 905.4(c). Recently, in *State v. David*, No. 82–KA–0150 (La.S.Ct. Nov. 26, 1984), the Louisiana Supreme Court held that the portion of article 905.4(c) which permits imposition of the death penalty when the accused has a significant prior history of criminal activity is unconstitutionally vague. In so holding, the court reversed David's death sentence.

*David,* however, is readily distinguishable from the instant case. In *David,* "a significant prior history of criminal activity" was the *sole* aggravating circumstance found by the jury. Here, the jury found two other aggravating circumstances supporting their recommendation of the death sentence. It is now settled law that "a death sentence supported by at least one valid aggravating circumstance need not be set aside ... simply because another aggravating circumstance is 'invalid' in the sense that it is insufficient by itself to support the death penalty." *Zant v. Stephens,* 462 U.S. 862, 103 S.Ct. 2733, 2746, 77 L.Ed.2d 235 (1983); *accord Knighton v. Maggio,* 740 F.2d at 1351–52; *Moore v. Maggio,* 740 F.2d 308, 321 (5th Cir.1984). *Williams v. Maggio,* 679 F.2d at 388–90. Watson does not contend that the other aggravating circumstances found by the jury are not supported by the facts. We must therefore reject his contentions.

▬ We have reviewed each of the defendant's remaining contentions and we find each to be without merit.[1]

Accordingly, the motion for leave to proceed in forma pauperis is GRANTED. Application for stay of execution is DENIED. Application for a certificate of probable cause is DENIED. The judgment of the district court is AFFIRMED.

---

**1.** Watson also contends: (1) that he has been denied a full and fair hearing in his previous state court proceedings; (2) that the comparative appellate review of his sentence undertaken by the Louisiana state courts is constitutionally inadequate; (3) that his sentence is excessive and disproportionate; (4) that his sentence is arbitrary and capricious; (5) that electrocution is a cruel and unusual punishment; (6) that the death penalty as it is applied in the state of Louisiana invidiously discriminates against blacks, the poor, and males; (7) that capital punishment is an excessive penalty; and (8) that the cumulative effect of violations of Watson's rights in the trial and review of his case is itself a violation of his constitutional rights. We have reviewed each of petitioner's contentions and, for the reasons stated by the district judge in his opinion, find them to be without merit.